IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                                   Cr. No. 07-1173 JB/KK
                                                                                      (Civ. No. 18-631 JB/KK)

KELLY GRANT MERCER,

    Defendant/Petitioner.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant/Petitioner Kelly Grant Mercer's Motion for Relief Pursuant to Recent U.S. Supreme Court Decision, filed July 3, 2018. (Doc. 117.) The United States' Response to Defendant's Motion for Relief (Doc. 117) was filed on February 1, 2019. (Doc. 119.) Mr. Mercer did not file a reply. United States District Judge James Browning referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3) and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), on July 24, 2019. (Doc. 122.) The Court has meticulously reviewed all of the pleadings and attachments in this civil proceeding and the record in the underlying criminal case. For the reasons that follow, the Court recommends that Defendant's Motion be DENIED.

    **I.**     **Background**

In October 2008, a jury found Defendant guilty of being a felon in possession of a firearm, contrary to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Doc. 13; Doc. 92.) On March 25, 2009, United States District Judge John Conway sentenced Defendant to a term of 180-months imprisonment after concluding he was an armed career criminal. (Doc. 103, 121.)

1

Defendant's conviction was affirmed by the Tenth Circuit on February 17, 2010. (Doc. 112.) And Defendant's petition for writ of certiorari was denied by the United States Supreme Court on June 21, 2010. (Doc. 114.) Defendant filed the present Motion on July 3, 2018. (Doc. 117.) In his Motion, Defendant challenges his sentence pursuant to *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Id.) The Court construes Defendant's Motion as one arising under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

## II.     Analysis

28 U.S.C. § 2255, governing remedies on a motion for attacking a sentence for a prisoner in federal custody provides, in part, that a motion to vacate, set aside, or correct a sentence is subject to a one-year period of limitation. 28 U.S.C. § 2255(f). The limitations period is triggered by the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The judgment of Defendant's conviction became final more than nine years ago; he has not argued any government-imposed impediment to challenging his sentence; and Defendant's arguments are founded on legal, not factual developments. From these circumstances, and from

the substance of Defendant's Motion, it is clear that the operative event triggering the limitations period in this case is that stated in 28 U.S.C. § 2255(f)(3).

Defendant's Motion is premised on two cases decided by the Supreme Court—*Johnson* and *Dimaya*. (Doc. 117.) In *Johnson* the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) was impermissibly vague and that sentence enhancements by effect of that provision violate the due process right guaranteed by the Fifth Amendment to the United States Constitution. *Johnson*, 135 S.Ct at 2562-63. The *Johnson* decision did not impact the enumerated-offense clause of the ACCA, pursuant to which a person who has committed a "violent felony" including, of relevance here, burglary, is subject to an enhanced sentence. Defendant, who had three prior convictions for residential burglary, was sentenced under the enumerated-offense clause of the ACCA, not under the residual clause, and therefore *Johnson* does not bear on the validity or fairness of his sentence. *See United States v. Turrieta*, 875 F.3d 1340, 1347) (10th Cir. 2017) (holding that residential burglary in New Mexico matches the generic form of burglary, therefore burglary convictions in New Mexico fit the enumerated-offense clause of the ACCA). (Doc. 119 at 5.)

Even if the circumstances were different (*i.e.* if Defendant had been sentenced under the residual clause of the ACAA) he could not prevail in his present Motion because it is not timely. The Supreme Court issued the *Johnson* decision on June 26, 2015. Accordingly, the time within which Defendant was permitted to seek relief pursuant to that decision expired on June 26, 2016. 28 U.S.C. § 2255(f)(3). Defendant filed his Motion on July 3, 2018—more than two years after the limitations period expired. Therefore, Defendant's Motion, which is otherwise legally ineffective, must be dismissed as untimely.

3

Defendant's reliance on *Dimaya* is also unavailing. In *Dimaya*, the Supreme Court applied the *Johnson* analysis to a provision of the Immigration and Nationality Act (18 U.S.C. Section 16(b)) that was similar to the ACAA's residual clause and concluded that, like its ACAA counterpart, the provision was unconstitutionally vague. 138 S.Ct. at 1211-15. The provision at issue in *Dimaya* affected aliens convicted of an "aggravated felony" after entering the United States who were subject to deportation if they were found to have committed a "crime of violence." *Id.* at 1210-11. Defendant was not subject to the Immigration and Nationality Act, and the *Dimaya* holding does not apply to Defendant's sentence.

### III. Conclusion

For the foregoing reasons, the undersigned proposes to find that Defendant is not entitled to the relief he seeks. Consequently, the undersigned recommends that the Court **DISMISS** with prejudice Defendant's Motion for Relief Pursuant to Recent U.S. Supreme Court Decision. (Doc. 117.)

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

4